38

Anita SHAPIRO, Richard Shapiro,
Plaintiffs,

v.

WIN–SUM SKI CORPORATION,
Defendants.

No. CIV–79–100E.

United States District Court,
W. D. New York.

April 19, 1982.

Kevin J. Sullivan, Buffalo, N. Y., for plaintiffs.

John Y. Gallup, Buffalo, N. Y., for defendants.

ELFVIN, District Judge.

■ Defendants in this diversity jurisdiction personal injury lawsuit have moved for an order compelling plaintiff Anita Shapiro to submit to a physical examination. Defendants request that such examination be made by a local physician just prior to trial so that plaintiff need not incur added expense in appearing for an examination locally. Plaintiffs urge that defendant has waived any right to require plaintiff's submission to a physical examination by two earlier representations that such examination would not be sought. I find no authority in support of this proposition and I conclude that defendants have shown good cause for the physical examination in that the plaintiff's personal physician recently indicated, in the course of his deposition, that plaintiff continues to have complaints as a result of her injury.

■ Plaintiff also requests, pursuant to Fed.R.Civ.P. rule 35(b)(1) a copy of a detailed written report of the physician's examination for use at trial, should the examination be ordered, plus plaintiff's expenses in attending her examination. Defendant responds that it will furnish plaintiff with such a report prior to trial *if time permits* and that plaintiff will not incur added expense because she would be examined just before trial if defendant's motion is granted. This response is not satisfactory, because plaintiff has a right under rule 35(b)(1) to receive a copy of the examining physician's report on time for use at trial. Therefore if defendant's physician is to examine plaintiff the examination must take place sufficiently before trial to permit a

copy of the report to be prepared and delivered to plaintiff on time for trial.

It is not for this reason alone, however, that defendant's request must be denied. A court order compelling a physical examination under Fed.R.Civ.P. rule 35(a) must "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Defendant's motion papers do not enable the preparation of an order having this requisite specificity. Defendant's motion for an order compelling plaintiff to submit to a physical examination is therefore hereby ORDERED denied without prejudice.

This cause will be placed on my motion calendar at an early date for purposes of setting a trial date. Defendant's motion for the additional examination may be renewed, if defendant desires, and made returnable at that same time.